Robert Beach *vs.* Truman Stearns, and Amanda his wife.    *Chittenden,*
*December,*
*1825.*

*In a deed conveying land by metes and bounds, the words "containing thirty-four acres and nineteen rods of ground," do not amount to a covenant, that the tract described contains that quantity, but are to be taken as part and parcel of the description of the land conveyed.*

THE defendants were attached to answer unto the plaintiff, in a plea of COVENANT BROKEN, for that the said Amanda, heretofore, to wit, at Williston aforesaid, on the 29th day of May, A. D. 1818, while the said Amanda was a *feme sole,* by her deed of that date, signed by her hand, and sealed with her seal, witnessed, acknowledged, recorded, and every way executed in due form of law, and ready in Court to be produced, for and in consideration of the sum of $443, then and there received of the said Robert, gave, granted, bargained, sold, and conveyed to the said Robert, a certain tract or parcel of land, with the appurtenances, lying and being in the town of St. George, in the county of Chittenden aforesaid, and described as follows, to wit, beginning in the town line between Williston and St. George aforesaid, at the north east corner of Electa Randal's sixty acres, thence south, sixty degrees west, one hundred and six rods to John Beach's improvements on the line, thence north, thirty degrees west, to the north-easterly corner of John Beach's improvements on the hill adjoining the Lowry lot, so called, thence east agreeably to the line of lots in said St. George, thence in the town line to the first mentioned bounds, containing thirty-four acres and nineteen rods of ground. To have and to hold to him the said Robert, his heirs and assigns, forever, the said granted and bargained premises, with the appurtenances. And the said Amanda, then and there, in and by her deed aforesaid, covenanted to and with the said Robert, that the tract or parcel of land, above described, contains thirty-four acres and nineteen rods of land, and the said Robert in fact saith, that the said Amanda hath not kept her covenant aforesaid, but hath broken the same, for that the said tract or parcel of land did not, at the time of the bargain and sale aforesaid, contain thirty-four acres and nineteen rods, according to the covenant aforesaid, but that.the said tract or parcel of land contained thirty acres only, and so the said Amanda hath broken her covenant aforesaid ; nor has the said Amanda while sole, nor the said Truman, or the said Amanda since their intermarriage, kept or performed the same, but so to do have neglected and refused.

The defendants prayed *oyer* of the deed, (which being read,) they demurred generally, and the plaintiff joined in demurrer.

The deed, as appeared on *oyer,* was a common deed of bargain and sale, in which the lands conveyed were described in the words of the declaration ; but the only express covenant therein was a covenant to warrant and defend the said granted and bargained premises, with all the privileges and appurtenances thereunto belonging, against all lawful claims whatever.

*Allen*, in support of the demurrer, contended, that when land is described by fixed and known boundaries, they must govern; and that the words expressing the quantity do not amount to a covenant, that the land contains that quantity, but are merely descriptive of the land. He cited *Powell* vs. *Clark*, 5 *Mass. R.* 355.—*Perman* vs. *Wead*, 6 *Mass. R.* 131.—*How* vs. *Bass*, 2 *Mass. R.* 380.—*Man & Soles* vs. *Pearson*, 2 *Johns. R.* 37.

*Thompson, contra.* The words relied upon as constituting the covenant declared for, are unnecessary, as words of description, for the description was complete without them. To limit them to this office is to render them nugatory; which ought not to be done. It is an established and beneficial rule of law, that where there is any doubt relative to the construction of a covenant, it shall be taken most strongly against the covenantor, and the doubt solved in favour of the covenantee. The case under consideration presents an instance in which the rule may be applied with great justice. The grantor should, and it is to be presumed would, if he had not intended to warrant the quantity, either have omitted every thing in relation to it, or else have added the usual phrases "about," "said to contain," "more or less," or something else which would have excluded the idea of a warranty, and not having done either, he took from the grantee all motive to ascertain the quantity before the payment of the consideration, and left him to rely solely upon the *declaration*, as to the quantity.

The opinion of the Court was delivered by

PRENTISS, J. The principal question arising out of the case before us, is, whether the deed, set forth in the pleadings, contains any covenant of the effect alleged in the declaration. The deed, it appears, contains an express covenant of warranty against all lawful claims. But this covenant extends only to an eviction or ouster from the possession; and it is a rule well settled, and universally acted upon, that to maintain an action upon it, the plaintiff must aver and show an eviction. [2 *Saund.* 178, 181, *n.* 10.—2 *Johns. Rep.* 4, 395.—3 *Johns. Rep.* 464.— 7 *Johns. Rep.* 376.—2 *Mass.* 433.—4 *Mass.* 408.] The deed also contains an implied covenant, arising from the word *give* : but this also is a covenant of warranty, and not a covenant of seizin, and is good to the grantee and his heirs only, during the life of the grantor. [*Co. Litt.* 384 *n.* 332.—*Shep. Touch.* 180. —3 *Wils.* 28.—2 *Caine's Rep.* 188.] The implied covenant, being a covenant of warranty, is subject to the same rules, while in force, as the express covenant of warranty; and the want of seizin in the whole or any part of the land granted, or a deficiency in the quantity conveyed, is not, therefore, within either covenant, and cannot be assigned as a breach of them. Even if the word *give* implied a covenant of seizin, its operation would be qualified and restrained by the express covenant of warranty. It is a principle well established, that the insertion of any express covenant on the part of the grantor, will qualify

and restrain the force and operation of the implied covenant, within the import and effect of the express covenant. [*Co. Litt.* 384, *a. n.* 332.—*Noke's Case,* 4 *Co.* 80.—*Cro. Eliz.* 674.— 2 *Bos.* & *Pull.* 26.—4 *Taunt.* 329.] When it appears by express words how far the parties designed the engagement should extend, the law will not carry it further by construction. The principles here advanced are distinctly laid down in the case of *Kent* vs. *Welch,* 7 *Johns. Rep.* 258. The declaration in that case stated, that the defendant, by his deed, *gave, granted, bargained,* and *sold* to the plaintiff, in fee, a certain tract of land, and covenanted to *warrant* and *defend* the same against all claims, &c.; and averred, that the defendant, at the time, was not seized in fee, and had not any estate in the land, &c. On demurrer to the declaration, it was held, that the implied covenant, by force of the word *give,* was a covenant of warranty, and not a covenant of seizin, and before there could be any remedy on either the express or implied covenant, there must be a lawful eviction averred and shown: and that even if the word *give* implied a covenant of seizin, yet as there was an express covenant of warranty, it would have qualified and restrained the implied covenant, so that the former should not be broader than the latter. The same doctrine was adopted in *Vanderkan* vs. *Vanderkan,* 11 *Johns. Rep.* 122, in which it was also determined, that the want of seizen, and the fact that there was no such land as that described in the deed, were neither of them within the covenant of warranty, and could not be assigned as breaches of it. It is manifest, then, that the declaration in the present case, cannot rest upon either the express covenant of warranty, or the implied covenant arising from the word *give ;* for the legal effect and operation of neither is such as stated in the declaration, nor is any sufficient breach of either assigned. But if the implied covenant could be considered as having the effect of a covenant of seizin, and as unaffected by the express covenant of warranty, it would not aid the plaintiff. In *Mann et al.* vs. *Pearson,* 2 *Johns. Rep.* 37, Spencer, J. says, "When lands are specifically bounded and described, and are stated in the deed to contain a certain number of acres, an action of covenant will not lie on the covenant of seizin, though, in truth, the quantity is less; because the deed grants nothing but the lands within the boundaries, and to those lands only the covenant relates." This doctrine is founded in sound legal principles, and commands our entire assent. Indeed, the plaintiff appears to have adopted and acted upon this doctrine, in framing his declaration ; for he does not allege a want of seizin in the defendant of any part of the land granted by the deed, but impliedly admits the defendant's seizin in the whole tract conveyed, and alleges that it did not contain the quantity stated in the deed.

The inquiry, then, is whether the words in the deed, expressing the quantity of land conveyed, amount to a covenant. Although no precise form of words is necessary to constitute an express covenant, yet when the word *covenant* is wanting, the

*Chittenden,*
*December,*
*1825.*

Beach
*vs.*
Stearns *et ux.*

words used must import an agreement, to amount to a covenant. [1 *Roll. Abr.* 518.—6 *Vin. Abr.* 381.] The words, "*containing thirty-four acres and nineteen rods,*" added to the description of the land in the deed, certainly do not import any agreement, or amount to any stipulation, on the part of the defendant, that the land granted contained that quantity, but are a mere estimate or enumeration of quantity thrown into the deed, as descriptive of the land conveyed. It is a principle laid down and settled by repeated decisions, that when a piece of land is conveyed by metes and bounds, or any other certain description, the boundaries or lines given will control the quantity, although not correctly stated in the deed. The inference in such case is, that the intention was to convey the whole tract described within the boundaries given, whatever may be the quantity expressed. Thus, if a man grant to another his meadows in D. and S. containing ten acres, and they, in fact, contain twenty, all shall pass. [14 *Vin. Abr.* 97.—*Bac. Law Tracts,* 106.—*Reg.* 25.] The deed in the present case describes the land granted by definite boundaries, and from the face of the deed no uncertainty exists with respect to the land. If, therefore, the boundaries given had contained more than the quantity expressed, yet the plaintiff would have taken all by the deed ; and if they contained less, he takes only what was in fact included. The deed, then, granted whatever land was contained within the boundaries described; and the plaintiff must have understood that he was buying, as well as the defendant that she was selling, the land within the boundaries, whether more or less than the quantity expressed. It is well known that the estimated extent of land frequently proves quite different from its contents by actual admeasurement. Sometimes the quantity exceeds, and at others falls short of the estimate. When the boundaries designate the land with certainty, they impose upon the purchaser the duty of satisfying himself with regard to the quantity; and it is to be presumed that he does so, and makes the purchase, relying on the boundaries given, and not on the estimated quantity. The words in the deed expressing the quantity, therefore, cannot be considered as amounting to an agreement or covenant on the part of the defendant, but must be regarded, as the parties undoubtedly intended them, as mere matter of description. Indeed, as the plaintiff would have taken all, in case the boundaries given had contained more than the quantity expressed, there would be neither justice nor reciprocity in making the defendant answerable in damages, when the quantity is less. These are the principles on which the decisions proceeded in *Mann et al.* vs. *Pearson,* 2 *Johns. Rep.* 37, and *Powell* vs. *Clark,* 5 *Mass.* 355. In the former case, which was an action upon a bond, conditioned to convey "lot no. 78 in M. containing 600 acres," it was held, that the enumeration of quantity was not of the essence of the contract, but was matter of description merely ; and, therefore, that a conveyance of the lot by name, "as said to contain 600 acres, be the same more or less," was a per-

formance of the condition. In the latter case, which was in all respects like the present, *Parsons, Ch. J.* says, "The words expressing the quantity of land do not amount to a covenant, but are merely descriptive of the lands conveyed. In a convey-ance of land by deed, in which the land is certainly bounded, it is very immaterial whether any or what quantity is expressed; for the description by the boundaries is conclusive. And when the quantity is mentioned in addition to a description of the boundaries, without any express covenant that the land contains that quantity, the whole must be considered as mere descrip-tion." These decisions are entitled to the highest respect, and are conclusive on the point in question. As the deed declared on, therefore, contains no such covenant as alleged, the delara-tion is insufficient, and judgment must be rendered for the de-fendant.

Judgment for the defendant.

*J. C. Thompson,* for the plaintiff.

*Heman Allen,* for the defendants.